# Determination of Wage Rates Under the
# Davis-Bacon and Service Contract Acts

The Secretary of Labor is required to determine "prevailing" wage rates under the Davis-Bacon and Service Contract Acts with reference to an objective standard of predominance or currency in a given locality. It is proper to define the prevailing rate in terms of the lowest rate only where the lowest rate is also that which occurs with the greatest frequency. Where no single wage rate is predominant, it would ordinarily be permissible for the Secretary to use an average.

The minimum wage rate required by law to be included in all contracts subject to the Davis-Bacon and Service Contract Acts must be at least the prevailing rate as determined by the Secretary of Labor.

In the absence of a statutory definition of a term, one must look to the common understanding of the word, and to the legislative history and purpose of the statute generally. In addition, a presumption of correctness may be accorded the longstanding administrative interpretation of a term.

June 12, 1981

## MEMORANDUM OPINION FOR THE COUNSEL TO THE DIRECTOR, OFFICE OF MANAGEMENT AND BUDGET

This responds to your request for our opinion on several questions relating to the determination of wage rates under the Davis-Bacon and Service Contract Acts. Your first two questions implicate the standards to be used by the Secretary of Labor in determining the "prevailing" wage under the two Acts. Specifically, you ask: (1) whether the Secretary may define the prevailing wage under either Act in terms of the *average* rate paid a particular class of employees in the relevant locality; and (2) whether the Secretary may define the prevailing wage in terms of "a bona fide minimum wage rate," by which we understand you to mean the *lowest* wage paid a class of employees in the relevant locality. Your remaining questions are premised on the notion that the minimum contractual wage rate required by the two Acts may be something less than the "prevailing" rate as determined by the Secretary. If it may not, then the further refinements you suggest are moot.

With respect to the first two questions, we conclude that the law requires the Secretary to determine the "prevailing" wage with reference to an objective standard of predominance or currency in a given locality. It would therefore be permissible for him to define the "prevailing" wage in terms of the lowest rate only where that rate in fact reflects the wage which occurs most frequently—in short, where it is

174

the prevalent wage paid. Where no single wage is predominant, it would ordinarily be permissible for the Secretary to use an average. With respect to your remaining questions, we believe that the minimum wage rate required by law to be included in all contracts subject to the two Acts must be at least the prevailing rate as determined by the Secretary.[1]

## I. Determination of Prevailing Wage Under the Davis-Bacon and Service Contract Acts

The Davis-Bacon Act, 40 U.S.C. § 276a, requires that

> [Every covered contract] shall contain a provision stating the minimum wages to be paid various classes of laborers and mechanics which shall be based upon the wages that will be determined by the Secretary of Labor to be prevailing for the corresponding classes of laborers and mechanics . . . .

The Service Contract Act provides that covered contracts shall specify the minimum wages to be paid various classes of employees "as determined by the Secretary . . . in accordance with prevailing rates for such employees in the locality . . . ." 41 U.S.C. § 351(a)(1). Neither statute contains a definition of the term "prevailing," and neither specifies the procedure by which the prevailing wage rate should be determined by the Secretary. We must therefore look to the common meaning of the word, and to the legislative history and purpose of the two Acts. 2A Sands, Sutherland Statutory Construction § 47.28 (4th ed. 1973).

Webster's Third New International Dictionary (1976) defines the term "prevailing" as "most frequent" or "generally current," descriptive of "what is in general or wide circulation or use . . . ." Unless there is indication to the contrary in the legislative history, we assume that Congress believed it was codifying this common understanding of the term. *See Addison* v. *Holly Hill Co.,* 322 U.S. 607, 618 (1944) ("legislation when not expressed in technical terms is addressed to the common run of men and is therefore to be understood according to the sense of the thing, as the ordinary man has a right to rely on ordinary words addressed to him").

There is no suggestion in the legislative history of either the Davis-Bacon or the Service Contract Acts that Congress believed it was establishing a wage standard other than one based on frequency or currency. Indeed, testimony at the hearings leading up to the 1935

---

[1] We should note that we have had an opportunity to review the memorandum prepared by the Solicitor of Labor, which deals with these same questions. While we ordinarily, in matters of statutory interpretation, accord substantial weight to the views of the agency charged with administering the statute, our opinion is based on an independent assessment of the terms of the statutes at issue, their intended purpose, and their legislative history. That our conclusions are essentially the same as those of the Solicitor of Labor confirms our confidence in them

amendments to the Davis-Bacon Act, which first made provision for predetermination of the prevailing wage rates by the Secretary of Labor, indicates a common understanding by spokesmen for labor and management, as well as individual legislators, that the "prevailing" wage was the wage paid to the largest number of workers in the relevant classification and locality. *See, e.g., Regulation of Wages Paid to Employees by Contractors Awarded Government Building Contracts: Hearings on H.R. 12, 122, 7005, 7254 and H.J. Res. 38 before the House Committee on Labor,* 72d Cong., 1st Sess. 8, 103, 149-50, 186 (1932). *See also* Report of the General Subcommittee on Labor of the Committee on Education and Labor, *Administration of the Davis-Bacon Act,* 88th Cong., 1st Sess. 7-8 (Comm. Print 1963). The legislative history of the 1965 Service Contract Act reflects an assumption that the term "prevailing" as used in that Act would be construed and applied in this same fashion. *See* H.R. Rep. No. 948, 89th Cong., 1st Sess. 2-3 (1965); S. Rep. No. 798, 89th Cong. 1st Sess. 3-4 (1965).

The definition of "prevailing" wage as the wage most widely paid is consistent with the general purpose of the two statutes, which is to prevent the exploitation of imported labor and the concomitant depression of local wage rates. *See* H.R. Rep. No. 2453, 71st Cong. 3d Sess. 2 (1931); H.R. Rep. No. 948, 89th Cong. 1st Sess. 2 (1965). *See also Administration of the Davis-Bacon Act, supra,* at 2 ("the Davis-Bacon Act was designed to ensure that Government construction and federally assisted construction would not be conducted at the expense of depressing local wage standards.") While it would not be inconsistent with this purpose to set the prevailing rate at a *higher* level than that most widely paid, it was precisely to prohibit payment of a *lower* level of wages than that prevalent in the community that the statutes were enacted.

Finally, the common understanding of the term "prevailing" as "most current" or "predominant" has been incorporated in the Labor Department's administrative regulations since 1935, regulations which have over the years been discussed at length in oversight hearings and in connection with other proposed amendments to the law. *See, e.g., Administration of the Davis-Bacon Act, supra,* at 7-8. There is, therefore, some reason to regard Congress' acquiescence in this interpretation as "presumptive evidence of its correctness." 2A Sutherland Statutory Construction, *supra,* at § 49.10.

We come then to the specific questions whether the Secretary may define the prevailing wage in terms of the average rate or the lowest rate paid in a given locality. As the above discussion indicates, the answers depend upon whether either rate can be fairly said to reflect the rate most widely paid in the relevant locality. In this regard, there appears to us to be no conceptual problem presented where the most

widely paid wage is also the lowest.[2] The use of an average, however, may be more difficult to justify, particularly in cases where it concides with *none* of the actual wage rates being paid. As noted in the 1963 oversight hearings, in such a situation "[u]se of an average rate would be artificial in that it would not reflect the actual wages being paid in a local community," and "such a method would be disruptive of local wage standards if it were utilized with any great frequency." *Administration of the Davis-Bacon Act, supra,* at 8. The fact remains, however, that if no single wage can fairly be said to be "prevailing," and no single rate "most current," an average may represent the closest approximation of the statute's requirement.[3]

In sum, we believe that it is proper under both Acts to define the prevailing wage rate in terms of the lowest rate only where the lowest rate is also that which occurs with greatest frequency. Use of an average is permissible in situations in which no single rate can fairly be said to be "generally current."

## II. Relationship Between Contractual Minimum Wage and Prevailing Rate

The assumption underlying your remaining questions is that the minimum wage rate required to be contained in every contract covered by the Davis-Bacon and Service Contract Acts may be lower than the prevailing rate as determined by the Secretary. While the terms of both Acts are somewhat ambiguous on this point (contract rates are to be "based upon" or set "in accordance with" the prevailing rate), a review of their legislative histories indicates a clear congressional intent to require the payment of at least the prevailing wage in all covered contracts. *See Watt* v. *Alaska,* 451 U.S. 259, 265 (1981); *Train* v. *Colorado Public Interest Research Group,* 426 U.S. 1, 10 (1976).

As originally enacted in 1931, the Davis-Bacon Act required that the wage rates on every covered contract "be not less than the prevailing rate of wages for work of a similar nature." 46 Stat. 1494. No procedure was established for determining the prevailing rate in advance, however, and the Secretary of Labor's statutory role was confined to resolving after-the-fact disputes. Almost immediately, efforts to amend the Act focused on establishing a procedure by which the prevailing rate could be predetermined and incorporated into the terms of every covered contract. In 1932 Congress passed a bill providing that every

---

[2] It is theoretically possible under the Department of Labor's present regulations that the lowest paid 30 percent of the workforce would establish the "prevailing" standard applicable to the entire relevant community

[3] The Labor Department has, since 1935, identified situations in which it is proper to use an average as those in which no single wage rate is paid 30 percent or more employees in the relevant class. *See* 29 C.F.R. § 1.2(a). It now proposes to shift the threshold upwards to permit the use of an average where anything less than a simple majority of employees is earning a single wage As a general matter, we cannot say that such an approach is necessarily impermissible under either of the two statutes in question. Use of an average might be vulnerable, however, if there is a wide variation in rates of wages and a large minority of persons paid significantly lower wages, use of an average in such a case might result in a contract wage well below the actual wages paid a majority of employees.

contract should contain "a provision stating the prevailing rate of wages as determined by the Secretary of Labor." 75 Cong. Rec. 8365 (1932). *See* S. Rep. No. 509, 72d Cong. 1st Sess. (1932). While the 1932 bill was vetoed by the President, efforts to improve administration of the Act bore fruit in 1935.

The language of the 1935 Davis-Bacon Act amendments differed from that contained in the 1932 bill, but the legislative purpose was unmistakably the same: "[t]o provide that laborers and mechanics . . . are guaranteed payment of local prevailing wages," and "[t]o provide for a predetermination of the prevailing wage on contracts so that the contractor may know definitely in advance of submitting his bid what his approximate labor costs will be." H.R. Rep. No. 1756, 74th Cong., 1st Sess. 2 (1936). The House report goes on to state that

> Provision is made for predetermination of the minimum wage rates by the Secretary of Labor. This provision would strengthen the present law considerably, since at present the Secretary of Labor is not permitted to fix the minimum wage rates until a dispute has arisen in the course of construction.

*Id. See also* S. Rep. No. 1155, 74th Cong., 1st Sess. 2–3 (1935). There can be little doubt from this and other similar language in the committee reports and in floor debate that the purpose of the 1935 amendments was to provide a more effective mechanism for the enforcement of the prevailing wage rate requirement in the 1931 Act, not to relax that requirement. Congress plainly intended that the Secretary's authority to predetermine the prevailing wage should include the authority to "fix the minimum wage rates" in covered contracts. While the legislative history of the 1935 amendments contains no discussion of the change in language from 1932 to 1935 whereby covered contracts were required to contain wage rates "based on" the prevailing rate rather than simply the prevailing rate itself, the most reasonable explanation is that Congress did not wish to limit contractors who were agreeable to paying something *higher* than the prevailing rate. The one thing which is certain is that Congress did not, by using this phrase, intend to permit contracts specifying *less* than the prevailing rate.

While the terms of the Service Contract Act are similarly ambiguous with respect to the relationship between the contract minimum and the prevailing rate, its legislative history is similary clear. For example, the House report states that "[s]ervice employees must be paid no less than the rate determined by the Secretary of Labor to be prevailing in the locality." H.R. Rep. No. 948, 89th Cong., 1st Sess. 3 (1965). *See also* S. Rep. No. 798, 89th Cong., 1st Sess. 2 (1965).

We conclude, therefore, that there is no support in the law for an argument that employees on contracts covered by either the Davis-

Bacon Act or the Service Contract Act may be paid less than the prevailing rate as determined by the Secretary of Labor.

LARRY L. SIMMS
*Deputy Assistant Attorney General*
*Office of Legal Counsel*